HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT D. MURPHY,<br><br>    Plaintiff,<br><br> v.<br><br>JEFFREY SADLER, et al.,<br><br>    Defendants. | CASE NO. C13-5414 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>[Dkt. #22] |

THIS MATTER is before the court on Plaintiff's Motion for Partial Summary Judgment [Dkt. #22] Plaintiff seeks an order establishing as a matter of law that his counsel in an underlying personal injury claim, defendant attorneys Sadler and Blanford, owed him a duty of care and that they breached that duty. He also seeks an order determining as a matter of law that Sadler, Blanford, and the Sadler Law firm are jointly and severally liable to him for any damages he may be able to prove were caused by the attorneys' negligence in handling his claim. He does not now seek a determination regarding causation or of damages.

In response, each defendant concedes that they owed Murphy a duty of care and that they

breached[1] that duty. They dispute, however, that Murphy has established as a matter of law that they are jointly and severally liable for any damages they caused. Defendant Blanford argues that unless and until Murphy establishes liability (meaning that he proves the additional elements of damage and causation) he is not entitled to a determination that the defendants are jointly and severally liable to him. Blanford argues that such liability is the exception, not the rule, and that Murphy has not established that such an exception applies; Murphy has not, for example, established that Blanford was Sadler's principal, or vice versa. Blanford argues that the Rules of Professional Conduct (which provide that attorneys from different firms may jointly represent a client "only if they assume joint responsibility for the representation") cannot serve as the basis for liability. The Sadler Defendants oppose the Motion on similar grounds.

These arguments are not persuasive. Sadler and his firm undertook to represent Murphy in a personal injury action. They agreed to split the fee with Blanford, an "independent contractor." Both attorneys now concede that they owed, and breached, a duty of care to Murphy. They now claim that while they were each negligent, it is Murphy's obligation to determine and prove which of the defendants actually caused him damage.

This approach finds no support in the authorities cited by Defendants. While it is true that violation of the RPCs cannot be used to establish the standard of care or its breach—*Hizey v Carpenter*, 119 Wn.2d 251, 264 (1992)—those elements of Murphy's claim are no longer at issue. Defendants have not cited any authority squarely addressing the issue here: are defendant attorneys jointly and severally liable to their common client where they each breached the duty

---

[1] In the underlying lawsuit, the defendant attorneys named the wrong defendant and failed to correct that error before the limitations period expired. Plaintiff Murphy's personal injury claims were dismissed as untimely.

of care they owed to him, and that breach caused the client damage[2]? They certainly have not cited any authority suggesting that the answer to that question is "no" under Washington law.

On the other hand, Murphy has correctly cited *Mazon v Krafchick*, 158 Wn.2d 440 (2006), where the Washington Supreme Court explained rather clearly that each attorney is fully liable to the client for handling the case.

There, in a similar situation, two attorneys undertook to represent a personal injury plaintiff. As did the defendants here, they agreed to split the fee. One of the attorneys failed to timely serve the complaint, and the client's suit was dismissed. The client sued, and received a settlement from the attorneys' insurance carrier. The non-negligent attorney then sued the other for the contingent fee he did not obtain due to the other attorney's negligence. The Supreme Court drew a "bright line" prohibiting such claims, because both attorneys owed their client an undivided duty:

> As co-counsel, *both attorneys owe an undivided duty* of loyalty to the client. The decisions about how to pursue a case must be based on the client's best interests, not the attorneys'. The undivided duty of loyalty means that each attorney owes a duty to pursue the case in the client's best interests, even if that means not completing the case and forgoing a potential contingency fee.

*Id*. at 448-449 (emphasis added). The Court rejected the attorney's claim that depriving him of his ability to recover the fee from negligent co-counsel would encourage attorneys to collude to cover up malpractice:

> [W]e find this argument unpersuasive because it presumes that allowing cocounsel to recover prospective fees will eliminate attorneys' incentive to collude and protect themselves from liability. Instead, we believe that allowing cocounsel to recover prospective fees would create the opposite incentives to overemphasize the informal divisions of responsibilities between cocounsel, overlook any failings of cocounsel, and *later claim that cocounsel's failures were*

---

[2] Defendants argue that these latter two elements have yet to be proven. If they are not, then there will be no liability whatsoever. But if they are, the liability will be joint and several.

> *not their responsibility*. Prohibiting cocounsel from suing each other for prospective fees arising from an attorney's malpractice in representing their mutual client provides a clear message to attorneys: ***each cocounsel is entirely responsible for diligently representing the client***.

*Id*. at 450 (emphasis added).   The answer to the issue posed above appears to be an emphatic "yes," according to the Washington Supreme Court.

Murphy's Motion for Summary Judgment [Dkt. #22] is GRANTED. Both attorneys and the law firm owed Murphy a duty, and each breached that duty. The Defendants will be jointly and severally liable for any damages that Murphy can demonstrate were proximately caused by the breaches, as a matter of law. Murphy will, of course, have to win the "case within the case" in order to make this showing, but there is no basis for delaying a ruling as a matter of law on the issues raised in his Motion.

IT IS SO ORDERED.

Dated this 6th day of January, 2014.

                             *Ronald B. Leighton*
                             RONALD B. LEIGHTON
                             UNITED STATES DISTRICT JUDGE